**CLERKS OFFICE US DISTRICT COURT**
**AT ROANOKE, VA**
**FILED**

May 11, 2026

**LAURA A. AUSTIN, CLERK**
BY: **/s/ M. Poff**
**DEPUTY CLERK**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DEVIN WEAVER,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:25cv00622** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN GILLEY,** | ) | **By: Robert S. Ballou** |
| **Respondent.** | ) | **United States District Judge** |

Devin Weaver, a federal inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued incarceration.  He does not state which court convicted him, the length of his sentence, or the specific charge of conviction, but based upon the nature of his challenge, it appears he was convicted for possessing a firearm or ammunition in violation of federal law, perhaps under one of the nine subsections of 18 U.S.C. § 922(g).  According to the Bureau of Prisons inmate locator, he is scheduled for release on March 6, 2032.  Upon preliminary review of the petition, as required by Rule 4 of the Rules Governing Habeas Cases in the United States District Courts, I find that petitioner is not entitled to the relief he seeks.

Weaver alleges that Executive Order 14206 and a Supreme Court ruling on August 26, 2025, have declared that "any charge of possession of a firearm and or ammunition, is in violation of the law, and violates any United States citizen's Second Amendment constitutional rights."  Accordingly, his (unidentified) convictions must be vacated and dismissed with prejudice, and he should be released from custody.  His argument is based upon a seriously flawed interpretation of the Executive Order.

At the outset, the Executive Order states its purpose:

> Purpose.  The Second Amendment is an indispensable safeguard of security and liberty.  It has preserved the right of the American people to protect ourselves, our families, and our freedoms since the founding of our great Nation.  Because it is foundational to maintaining all other rights held by Americans, the right to keep and bear arms must not be infringed.

Exec. Order No. 14206, § 1, 90 Fed. Reg. 9503 (Feb. 7, 2025).  While acknowledging the importance of the Amendment to the American people, the order says nothing about the validity or constitutionality of laws passed by the legislature.  Rather, the order directs the Attorney General to evaluate the regulations and activities of *executive agencies* and to develop a plan of action to ensure that the policies and procedures of these agencies did not infringe the Second Amendment.  *Id.* at § 2.  The Order has no effect on the criminal laws passed by Congress, the legislative branch of government.  The authority to issue an executive order comes from the general constitutional powers granted to the President, as head of the executive branch, to direct the exercise of powers delegated to executive branch officials.  *Myers v. United States*, 272 U.S. 52, 235 (1926).  The Constitution's separation of powers between the three branches ensures that the Chief Executive has no direct authority over the duties delegated to the legislature.

An executive order is not privately enforceable unless issued pursuant to a statutory mandate or delegation of congressional authority.  *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1338 (4th Cir. 1995).  Further, the explicit text of the Order specifically states:

> This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

Exec. Order No. 14206, § 4(c).  Because the Order creates no private right of action, Weaver cannot rely on the Executive Order to challenge his conviction.  *See Chen Zhou Chai*, 48 F.3d at

2

1338 (holding that habeas petitioner could not challenge denial of his asylum petition based on an executive order that created no private right of action).

Weaver's reliance on an unidentified "Supreme Court ruling" on August 26, 2025, is equally unavailing. Based on research in the Westlaw database, no Court order was entered on August 26, 2025. No opinion or order discussing constitutionality of gun laws was entered in the entire month of August 2025. The scope of rights under the Second Amendment has broadened since 2008, when the Court held that an ordinance prohibiting law-abiding citizens from possessing firearms in their own homes violated the Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

Still, the Court has recognized that the rights bestowed by the Second Amendment are not unlimited. *Id.* In 2024, the Supreme Court upheld 28 U.S.C. § 922(g)(8), prohibiting firearm possession by one who is subject to a restraining order that includes a finding that the person represents a credible threat to the physical safety of the person's intimate partner or child. *United States v. Rahimi*, 602 U.S. 680, 690 (2024). The Court observed that this country's laws, since its founding, have included provisions preventing individuals who pose a threat of physical harm to others from using firearms. *Id.* In *Heller*, the Supreme Court suggested that prohibitions on the right to possess firearms by felons and mentally ill persons are presumptively lawful. *Heller*, 554 U.S. at 626–27, n.26. Relying on *Heller* and *Rahimi*, the Fourth Circuit Court of Appeals denied a Second Amendment challenge and upheld the law prohibiting felons from possessing firearms, finding that such prohibitions were longstanding in this country and consistent with the principles underlying historical regulation of firearms when the Second Amendment was adopted. *United States v. Hunt*, 123 F.4th 697, 705 (4th Cir. 2024).

3

Because it plainly appears that Weaver is not entitled to the relief he seeks in his habeas petition, I will dismiss the petition.  I decline to issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural rulings to be debatable or wrong.

A separate Final Order will be entered this date.

Enter:  May 11, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge